UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| JOANNE M. OGDEN,<br><br>                      Plaintiff,<br><br>    v.<br><br>PUBLIC UTILITY DISTRICT NO. 2 OF GRANT COUNTY, doing business as Grant County PUD,<br><br>                      Defendant. | NO: 2:12-CV-584-RMP<br><br>ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT |

BEFORE THE COURT are Plaintiff's Motions for Partial Summary Judgment, ECF No. 57 and 68.[1] Plaintiff argues that this Court should strike Defendant's affirmative defenses as inadequately pled and supported, and that the

---

[1] The analysis below references and cites to ECF No. 68 and not ECF No. 57, but the Court notes that Plaintiff seeks the exact same relief in ECF No. 57 as she does in ECF No. 68. Other than minor changes in headings, spacing, etc., ECF Nos. 57 and 68 are the exact same motion.

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 1

defenses should all fail as a matter of law. *See generally* ECF No. 68. The Court has reviewed the record and the pleadings contained therein and is fully informed.

ANALYSIS

The moving party is entitled to summary judgment when there are no disputed issues of material fact and when all inferences are resolved in favor of the non-moving party. *Northwest Motorcycle Ass'n v. United States Dep't of Agric.*, 18 F. 3d 1467, 1471 (9th Cir. 1994); Fed. R. Civ. P. 56(c). If the non-moving party lacks support for an essential element of their claim, the moving party is entitled to judgment as a matter of law regarding that claim. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 323. Importantly, at the summary judgment stage, the Court does not weigh the evidence presented, but instead assumes its validity and determines whether it supports a necessary element of the claim. *Id*. To prevail at the summary judgment stage, a party must establish that a fact cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary. Fed. R. Civ. P. 56(c). Once the moving party has met their burden, the non-moving party must demonstrate that there is probative evidence that would allow a reasonable jury to find in their favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 251 (1986).

Fed. R. Civ. P. 8(c) requires that in responding to a pleading, "a party must affirmatively state any avoidance or affirmative defense…" Fed. R. Civ. P. 12(f) provides that a court "may strike from a pleading an insufficient defense or any

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 2

redundant, immaterial, impertinent or scandalous matter." "The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat. Bank*, 607 F.2d 824, 827 (9th Cir. 1979) (citing *Conley v. Gibson*, 355 U.S. 41, 47-48, (1957) and 5 Wright & Miller Federal Practice and Procedure, § 1274 at 323).

Following the Supreme Court decisions in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009), courts were left with a heightened pleading standard: "While a plaintiff need not provide detailed factual allegations, he does need to allege the grounds for entitlement to relief beyond mere labels and conclusions." *See Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1171 (N.D. Cal. 2010) (applying the heightened pleading standard to affirmative defenses). Courts are in disagreement about whether or not affirmative defenses are subject to the heightened standard. Although the court in *Barnes,* 718 F. Supp. 2d 1167, applied the heightened standard, numerous other courts within the Ninth Circuit have held that the heightened standard should not apply to affirmative defenses. *See e.g., Rockwell Automation, Inc. v. Beckhoff Automation*, LLC, 23 F. Supp. 3d 1236, 1241 (D. Nev. 2014) (holding that an affirmative defense must identify the legal theory upon which it rests but need not assert facts making it plausible). The

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 3

common thread throughout this line of cases is the standard from *Wyshak v. City Nat. Bank*, 607 F.2d 824, that a plaintiff be given "fair notice" of the defense.

Additionally, pursuant to FED. R. CIV. P. 15(a), if a court finds that a defense is inadequately pled, "[i]n the absence of prejudice to the opposing party, leave to amend should be freely given." *Wyshak,* 607 F.2d at 826-27 (*citing Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) and *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973)).

This Court addresses each challenged defense individually, but as a preliminary matter, it bears noting that Plaintiff's motions largely misconstrue the proper standard for summary judgment. Her present motions include arguments in favor of dismissing affirmative defenses because they are "not proper affirmative defenses"; she relies heavily on factual arguments that go to the strength of her case rather than a lack of genuine issues regarding material facts; and most troubling, the motions ignore evidence that Defendant has included in the record to make allegations of a complete lack of proof.

Plaintiff moves for summary judgment regarding affirmative defenses, but for the most part, her arguments are better suited to a motion to strike affirmative defenses pursuant to FED. R. CIV. P. 12(f) for being "insufficient. . . redundant, immaterial, impertinent or scandalous." However, such a motion must have been filed 21 days after service of the Answer that raised these defenses. Defendant's Answer to Plaintiff's Second Amended Complaint, ECF No. 27, was filed on

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 4

1  March 12, 2014, and Plaintiff filed the present motions on June 23, 2015, and July

2  28, 2015, more than a year after the deadline had passed.  In light of that missed

3  deadline, and the fact that this Court finds no good cause to strike the defenses

4  pursuant to FED. R. CIV. P. 12(f) on its own accord, the Court assesses Plaintiff's

5  Motions for Summary Judgment with the applicable summary judgment standard,

6  and not the 12(f) standard.

7  **Defense #1 – Failure to State a Claim**

8  "A defense which demonstrates that plaintiff has not met its burden of proof

9  is not an affirmative defense." *Zivkovic v. S. California Edison Co.*, 302 F.3d

10 1080, 1088 (9th Cir. 2002).  Additionally,

> [f]ailure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [Plaintiff's] prima facie case. *See Boldstar Tech., LLC v. Home Depot, Inc.,* 517 F.Supp.2d 1283, 1291 (S.D.Fla.2007) ("Failure to state a claim is a defect in the plaintiff's claim; it is not an additional set of facts that bars recovery notwithstanding the plaintiff's valid prima facie case.  Therefore, it is not properly asserted as an affirmative defense."); *Lemery v. Duroso,* No. 4:09CV00167 JCH, 2009 WL 1684692, at *3 (E.D. Mo. Jun. 16, 2009).  Accordingly, despite its inclusion in Civil Form 30, failure to state a claim under Rule 12(b)(6) is more properly brought as a motion and not an affirmative defense.

17 *Barnes v. AT & T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d

18 1167, 1174 (N.D. Cal. 2010).  In its Answer, Defendant asserted that Plaintiff has

19 failed to state a claim, *see* ECF No. 27 at 8, but did not further substantiate that

20 assertion of a defect in Plaintiff's case.

21

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 5

The Court finds that this is not a proper affirmative defense, but that categorization does nothing to support striking it from Defendant's Answer. In order to grant summary judgment regarding this defense, this Court would have to find that there is no genuine issue of material fact regarding whether or not Plaintiff has properly alleged a viable civil claim. Plaintiff has failed to establish a lack of a dispute over that issue in her favor, and accordingly, Defendant's assertion regarding a defect in Plaintiff's case will not be stricken.

Separate from this Court's determination as stated in the previous paragraph, it bears noting that the Court does not see what Plaintiff would gain if this Court granted the relief she requests. Defendant has not filed a separate 12(b)(6) motion to dismiss the case for a failure to state a claim. For Plaintiff to prevail on any of her claims, she must sufficiently establish the applicable elements, so striking Defendant's assertion that Plaintiff has failed to state a claim from its Answer would do nothing to change the way this case progresses.

**Defense #2 and #3 – Legitimate non-discriminatory and non-retaliatory reasons**

Plaintiff moves this Court to dismiss these defenses as a matter of law simply because they are not proper affirmative defenses, and provides a case-citation to *In re Washington Mut., Inc. Sec., Derivative & ERISA Litig.*, No. 08-MD-1919 MJP, 2011 WL 1158387, at *2 (W.D. Wash. Mar. 25, 2011). *See* ECF No. 68 at 13-14. Not only was that court dealing with a motion to strike and not a

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 6

motion for summary judgment, but after the court found that the defenses labeled "affirmative" were not in fact affirmative defenses, the court found no reason to strike them. Plaintiff's citation defeats her own argument.

Additionally, in her Reply, Plaintiff argues for summary judgment on these defenses by making factual arguments to refute Defendant's evidence. ECF No. 105 at 2. Such arguments do not properly support a motion for summary judgment. Finding no good cause to grant this part of the motion, the Court denies Plaintiff's motion for dismissal of these defenses.

**Defense #4 and 6 – Worker's compensation exclusivity bar and worker's compensation bar**

Defendant has released these defenses, *see* ECF No. 88 at 1, and Plaintiff's argument is therefore moot.

**Defense #5 – Failure to mitigate/exhaust**

Plaintiff argues that this defense should be dismissed because Defendant has not presented any evidence to support the claim. *See* ECF No. 68 at 15. Defendant had stated in its Answer that "[t]he district has valid and appropriate anti-discrimination and anti-retaliation policies that include mechanisms for the internal reporting of complaints; the policies were properly communicated to Plaintiff; and Plaintiff failed to fully exhaust the available options under the policies or otherwise fully exhaust measures intended to resolve her alleged concerns." ECF No. 27 at 8.

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 7

The Court finds that Defendant's allegedly "conclusory" statements are no more conclusory than Plaintiff's allegations asserting the opposite. Although Plaintiff presents evidence of her complaints with the Equal Employment Opportunity Commission (EEOC) and the Washington State Human Rights Commission (WSHRC), *see* ECF Nos. 69-3, 106-2, 106-3, she has not presented sufficient evidence to demonstrate a lack of a genuine issue of material fact regarding whether or not she exhausted her remedies within the structure of Defendant's policies. Plaintiff does not meet her burden, and therefore, summary judgment is denied as to this defense.

**Defense #7 – Statute of limitations**

In its Answer, Defendant stated that "[a]ll or portions of Plaintiff's claims are or may be time-barred by the applicable statutes of limitation." ECF No. 27 at 8. Plaintiff's motions refer to three different relevant statutes of limitation: the general three-year time limit for discrimination claims pursuant to WASH. REV. CODE § 4.16.080, the two-year limit of the Family Medical Leave Act (FMLA), or its three-year time limit if a Defendant acted "willfully." *See* ECF No. 68 at 16-17 (citing 29 U.S.C. § 2617(a)(4)). Defendant responds that if any of Plaintiff's rights were violated, the issue of "willfulness" is still very much in dispute and that Defendant has presented evidence of good faith efforts to comply with the law to support the relevance of the statute of limitations defense. *See* ECF No. 88 at 13-14. For example, Defendant argues that one of Plaintiff's major bases for her

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 8

claim of discrimination, her alleged "demotion," was in fact the result of Defendant's best efforts to accommodate her after she returned from what Defendant asserts was not FMLA-covered leave. *See id.*; *see also* ECF No. 73-1 at 22.

Plaintiff has not established that her assertions regarding statutes of limitation "cannot be genuinely disputed and that the adverse party cannot produce admissible evidence to the contrary." FED. R. CIV. P. 56(c). Therefore, the Court will not grant summary judgment regarding this affirmative defense.

**Defense #8 – Avoidable consequences**

Defendant has released this defense, *see* ECF No. 88 at 1, and Plaintiff's argument is therefore moot.

**Defense #9 – Claims exceed scope of EEOC charge**

In its Answer, Defendant argued that

> [t]o the extent that the Complaint purports to assert any claim under the ADA which was not the subject or within the scope of the individual charge filed by Plaintiff with the EEOC, such claim is barred, in whole or in part, for failure to fulfill the prerequisites to suit under the ADA.

Plaintiff moves to dismiss this defense relying on Ninth Circuit case law that established that "when an employee seeks judicial relief for incidents not listed in his original charge to the EEOC, the judicial complaint nevertheless may encompass any discrimination like or reasonably related to the allegations of the EEOC charge, including new acts occurring during the pendency of the charge

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 9

before the EEOC." *Oubichon v. N. Am. Rockwell Corp.*, 482 F.2d 569, 571 (9th Cir. 1973); *see* ECF No. 68 at 18-19 (citing *Equal Employment Opportunity Comm'n v. Vinnell-Dravo-Lockheed-Mannix*, 417 F. Supp. 575, 577-78 (E.D. Wash. 1976).

Plaintiff has presented evidence that she has complained to the Equal Employment Opportunity Commission and the Washington State Human Rights Commission and has mentioned her desire to seek relief for her disability-related claims. *See e.g.*, ECF Nos. 69-3, 106-2, and 106-3. However, Plaintiff fails to meet her burden of establishing a lack of a genuine dispute over whether or not her present claims are all "like or reasonably related to the allegations of the EEOC charge." Accordingly, Defendant shall be allowed to argue the relevance of this defense, and the Court will not grant summary judgment regarding it.

**Defense #10 – Comparative negligence**

Defendant argued that "to the extent that Plaintiff has any claim for negligence, which the District denies, any related damages must be reduced in proportion to Plaintiff's failure or refusal to exercise ordinary care." ECF No. 27 at 9. Plaintiff moves to strike this defense for Defendant's alleged failure to "plead sufficient facts in support to its Comparative Negligence defense to allow Plaintiff fair notice as to how the defense applies to the claims pled." ECF No. 68 at 20. Additionally, Plaintiff cites to *Godfrey v. State*, 84 Wash. 2d 959, 965 (1975), to both explain the concept of comparative negligence and to state that "the burden of

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 10

pleading and proving the affirmative defense still rests on the defendant…" *See* ECF No. 68 at 20. However, the burden to prove this defense need not be met at this summary judgment stage. At this point in the litigation, Defendant must only provide fair notice of the defense.

Plaintiff argues for dismissal of this defense by relying on an unpublished opinion out of the Northern District of California, *F.D.I.C. v. JSA Appraisal Serv.*, No. 5:10-CV-02077-LHK, 2010 WL 3910173, at *2 (N.D. Cal. Oct. 5, 2010), wherein the court held that the defendants' "bare-bones and conclusory statement that 'others,' including Plaintiff, were at fault [wa]s insufficient to provide Plaintiff with fair notice of the basis for this defense." However, Plaintiff fails to recognize that the *F.D.I.C.* case dealt with a motion to strike, not a motion for summary judgment. *Id*. Even more importantly, although the *F.D.I.C.* court struck the defense of comparative negligence due to the lack of clarity as to how it would apply to a claim for negligent misrepresentation, the court granted leave to amend the Answer to more fully support this defense. *See id*. The citation does not support Plaintiff's argument for summary judgment here.

The defense of comparative negligence is applicable to Plaintiff's claim for negligent infliction of emotional distress, and as it is stated in Defendant's response, it provides fair notice as to how Defendant could rely upon it. The defense will only become relevant if Plaintiff is able to prove Defendant acted negligently, and if she succeeds in doing so, Defendant will be allowed to argue

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 11

that Plaintiff was at least partially at fault in causing her own damages. Summary judgment is therefore denied as to the defense of contributory negligence.

**Defense #11 – Good faith**

Defendant raised this defense by asserting that it "may not be held liable for punitive, exemplary and/or liquidated damage as it has undertaken a good faith effort to comply with all applicable federal statutes and has not acted with reckless indifference to Plaintiff's federally protected rights." ECF No. 27 at 9.

Pursuant to the explicit terms of 29 U.S.C. § 2617(a)(1)(A)(iii), good faith is a defense that may reduce liability in a FMLA suit. Regarding Plaintiff's claims for punitive and liquidated damages under the Americans with Disabilities Act (ADA), punitive damages may be awarded if Defendant discriminated "with malice or reckless indifference." 42 U.S.C. § 1981a(b). Likewise, compensatory and punitive damages for failure to accommodate are improper if "the covered entity demonstrates good faith efforts to identify and make a reasonable accommodation that would provide such individual with an equally effective opportunity and would not cause an undue hardship on the operation of the business." 42 U.S.C. § 1981a(3).

Plaintiff cites *McDonald v. United States*, 102, F.3d 1009, 1010 (9th Cir. 1996), and *Harris v City of Roseburg*, 664 F.2d 1121, 1129 (9th Cir. 1981), both of which state that good faith is an affirmative defense that places the burden on the party asserting it. *See* ECF No. 68 at 21-22. Just one sentence later, Plaintiff cites

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 12

a state case, *Winans v. W.A.S., Inc.*, 112 Wash.2d 529, 545 (1989), to argue that good faith is not an affirmative defense. *See* ECF No. 68 at 21-22.

Plaintiff then asserts that it has presented "ample evidence to support a claim of malice," ECF No. 105 at 4, but that Defendant has not provided sufficient counter evidence to prove good faith. *See* ECF No. 68 at 21-22. Without commenting on whether or not there is "ample" evidence of malice, the Court finds that is not the applicable inquiry at this stage. The Court must instead assess whether the nonmoving party, Defendant here, has presented sufficient evidence to create a genuine issue of material fact.

Defendant has sufficiently pled this defense, and it has presented evidence of good faith, including the numerous attempts to accommodate Plaintiff while addressing business concerns, *see e.g.*, ECF 73-1 at 21-22. Plaintiff has failed to meet her burden of showing that Defendant cannot produce evidence supporting good faith. Therefore, Defendant may present the defense of good faith should this case proceed past Defendant's motion for summary judgment. Accordingly, summary judgment regarding this defense is denied.

**Defense #12 – Reservation of right to assert additional defenses**

Defendant's Answer sought to reserve its right to bring additional defenses and affirmative defenses as discovery progressed, *see* ECF No. 27 at 9, but Plaintiff claims this defense is improper and should be dismissed as a matter of law, *see* ECF No. 68 at 22-23.

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 13

Plaintiff first relies on *Smith v. N. Star Charter Sch., Inc.*, No. CIV. 1:10-618 WBS, 2011 WL 3205280, at *2 (D. Idaho July 26, 2011) to argue that Defendant's right to seek leave of the court to amend their pleadings is already preserved by FED. R. CIV. P. 15 and therefore Defendant's reservations are not proper affirmative defenses. *See* ECF No. 68 at 22. Additionally, Plaintiff cites to *Ujhelyi v. Vilsack*, No. C 12-04282 JSW, 2013 WL 6174491, at *3 (N.D. Cal. Nov. 25, 2013) for support for her argument that such a reservation was not a proper affirmative defense, and that it should therefore be dismissed. *See* ECF No. 68 at 22-23. Plaintiff fails to recognize that both of these cases were dealing with motions to strike, not motions for summary judgment. Had this Court been presented with a proper motion to strike, perhaps it would have been appropriate to strike the reservation and allow Plaintiff leave to amend as the court in *Ujhelyi* did. *See* No. C 12-04282 JSW, 2013 WL 6174491, at *3. However, Plaintiff moves for summary judgment on this defense but fails to establish that Defendant cannot provide admissible evidence that would support additional defenses to Plaintiff's claims. Accordingly, summary judgment regarding this claim is denied.

## CONCLUSION

The Court finds that Plaintiff has failed to meet its burden for summary judgment regarding all of the challenged affirmative defenses.

/ / /

/ / /

ORDER DENYING PLAINTIFF'S MOTIONS FOR PARTIAL SUMMARY JUDGMENT ~ 14

Accordingly, **IT IS HEREBY ORDERED** that Plaintiff's Motions for Partial Summary Judgment on Defendant's Affirmative Defenses, **ECF No. 57 and 68**, are **DENIED**.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 11th day of February 2016.

                                           *s/ Rosanna Malouf Peterson*
                                           ROSANNA MALOUF PETERSON
                                                 United States District Judge